UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD MINNEWEATHER and
KRIS MINNEWEATHER,

    Plaintiffs,

vs.                                                                                      Case No. 12-13391

WELLS FARGO BANK, N.A.,
MERSCORP, INC., and MBS
MORTGAGE COMPANY, LLC,                       HON. AVERN COHN

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING**
**DEFENDANTS' MOTION TO DISMISS (Doc. 13)[1]**

**I.  INTRODUCTION**

This is a mortgage foreclosure case.  As will be explained, the foreclosure process began, but before the property was foreclosed on, plaintiffs sued.  Plaintiffs Edward Minneweather and Kris Minneweather (collectively, plaintiffs) are suing Wells Fargo Bank, N.A. (Wells Fargo), MERSCORP, Inc. (MERS), and MBS Mortgage Company, LLC (MBS) (collectively, defendants), on the following claims:

    Count I        deceptive act and/or unfair trade practice under Michigan Consumer Protection Act (MCPA)

    Count II       deceptive act and/or unfair trade practice under MCPA

    Count III      deceptive act and/or unfair trade practice under MCPA

    Count IV      deceptive act and/or unfair trade practice under MCPA

---

[1] Although this matter was originally scheduled for hearing, upon review of the papers, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

Count V slander of title

Count VI wrongful foreclosure

Count VII fraud

Count VIII quiet title

Count IX truth in lending act

Before the Court is defendants' motion to dismiss (Doc. 13).[2] For the reasons that follow, the motion will be granted.

## II. BACKGROUND

On June 9, 2008, plaintiffs obtained a loan in the amount of $226,708.00 from MBS. As security for the loan, plaintiffs executed a mortgage on their home at 5143 Kingsfield Ct., West Bloomfield, Michigan 48322. The mortgagee was MERS, as nominee for MBS, its successors, and assigns.

On February 10, 2010, MERS assigned the mortgage and note to Wells Fargo. The assignment was recorded on March 17, 2010.

In 2010, plaintiffs defaulted on the loan. On September 21, 2010, Wells Fargo agreed to modify the loan. Wells Fargo extended the maturity date of the loan and capitalized unpaid interest, recoverable expenses, and escrow advances. Plaintiffs agreed to a modified principal balance of $251,573.87 and monthly payments of $1,274.69.

Again, plaintiffs defaulted on the modified loan. Wells Fargo commenced foreclosure by advertisement. As a part of the foreclosure process, Wells Fargo sent

---

[2] Defendants initially filed a motion to dismiss on August 8, 2012 (Doc. 6). Plaintiffs filed an amended complaint on September 24, 2012 (Doc. 11). In response, defendants filed the instant motion to dismiss (Doc. 13).

2

plaintiffs a notice of acceleration of the note. The balance owed on the loan was $242,891.34.

On February 8, 2012, Wells Fargo sent plaintiffs written notice under Mich. Comp. Laws § 600.3205a notifying them of their right to obtain a loan modification.

On May 4, 2012, plaintiffs met with representatives of Wells Fargo and discussed loan modification options.

On May 31, 2012, Wells Fargo requested additional information from plaintiffs in order to proceed with the loan modification. After failing to receive all required information from plaintiffs, Wells Fargo requested additional information on June 8, 2012.

On July 11, 2012, plaintiffs filed suit in Oakland County Circuit Court.

On August 1, 2012, the case was removed to this Court.

As far as the record shows, plaintiffs remain in the home and the property has not been sold at a sheriff's sale.

### III. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can

3

choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S.Ct. 2499, 2509 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiffs' claims.

## IV. ANALYSIS

### A. Michigan Consumer Protection Act

Defendants say that counts I-IV of the complaint, claiming various violations under the Michigan Consumer Protection Act, M.C.L. § 445.901, et seq. (MCPA), should be dismissed because Wells Fargo is exempt from the MCPA and the allegations against MERS fail to state a claim. The Court agrees.

Plaintiffs' claims under the MCPA fail as a matter of law. Section 445.904(1)(a) of the MCPA excludes from the MCPA any "transaction or conduct specifically authorized

under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." Mich. Comp. Laws § 445.904(1)(a). Courts have unanimously held that this exclusion to the MCPA applies to residential lending activities of state and federal banks. See, e.g., Newton v. Bank West, 262 Mich. App. 434, 441 (2004) ("Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions."); Steinberg v. Fed. Home Loan Mortg. Corp., ___ F. Supp. 2d ___, 2012 WL 4498297, at *7 (E.D. Mich. 2012) (citing Newton, 262 Mich. App. at 438; Droski v. Wells Fargo Bank, N.A., No. 11-11193, 2012 WL 3224134, at *6 (E.D. Mich. Aug. 6, 2012) ("Michigan courts have found that residential mortgage loan transactions are exempt from the MCPA.") (citation omitted); Jozlin v. U.S. Bank Nat. Ass'n, No. 11-12749, 2012 WL 12760, at *6 (E.D. Mich. Jan. 4, 2012) ("Those Michigan courts and federal courts which have applied Michigan law have consistently held that the MCPA does not apply to those claims which have arisen out of residential mortgage loan transactions.") (citations omitted). This case is no different.

To the extent that the MCPA does apply to MERS, plaintiffs have failed to state a claim against MERS because its only involvement was assigning the mortgage from MBS to Wells Fargo. The mortgage expressly stated that it was given to MERS as the "nominee for Lender [MBS]." Further, the mortgage granted MERS the power of sale upon plaintiffs' default on the note, giving MERS an interest in the indebtedness. See Residential Funding Co., L.L.C. v. Saurman, 490 Mich. 909 (2011). MERS assigned the mortgage to Wells Fargo. As it relates to MERS, plaintiffs' amended complaint does nothing more than recite elements required to establish a deceptive practices claim. This is not enough to satisfy

5

the pleading requirements in Iqbal, supra.

## B. Slander of Title

In count V, plaintiffs claim both statutory and common law slander of title based on MERS's assignment of plaintiffs' mortgage to Wells Fargo. In order to prove slander of title under Michigan law, plaintiffs must show that defendants (1) maliciously published false matter, (2) that disparaged their title; and (3) caused special damages. GKC Mich. Theaters, Inc. v. Grand Mall, 222 Mich. App. 294, 301 (1997) (statutory slander of title pursuant to MCL 565.108); Sullivan v. Thomas Org., PC, 88 Mich. App. 77, 82 (1979) (common law slander of title). Here, aside from the mere recitation that defendants acted maliciously and intentionally, plaintiffs amended complaint fails to allege any acts that show defendants acted with malice. The Michigan Court of Appeals has held that recording an invalid assignment, without more, is not enough to show malice in supporting a slander of title claim. Stanton v. Dachille, 186 Mich. App. 247, 262 (1990) ("Malice cannot be inferred merely from the filing of an invalid lien. To sustain a claim of slander of title, the plaintiff must show that the defendant knowingly filed an invalid lien with the intent to cause the plaintiff injury."). Thus, plaintiffs' bare-boned assertion that the assignment was invalid does not survive a Rule 12(b)(6) motion.

## C. Wrongful Foreclosure

In count VI, plaintiffs claim that defendants did not comply with Mich. Comp. Laws § 600.3204(3), and, therefore, were not authorized to initiate foreclosure proceedings by advertisement. Section 600.3204(3) states,

> If the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale under section 3216 evidencing the assignment of

the mortgage to the party foreclosing the mortgage.

Mich. Comp. Laws § 600.3204(3).

A provision in the mortgage granted MERS and its successors and assigns the power of sale in the event of a default on the loan. MERS assigned the mortgage to Wells Fargo. The mortgage and assignment were recorded. In Collins v. Wickersham, the court reasoned that "[p]laintiffs provide no authority whatsoever for the assertion that an assignment from MERS cannot establish a record chain of title under the foreclosure statute." 862 F.Supp.2d 649, 658 (E.D. Mich. 2012). Indeed, the court stated that, under the statute, "an assignment by the record holder of the mortgage is plainly satisfactory to establish a record chain of title. . . . It cannot be disputed that a record chain of title existed . . . as the assignment from MERS to Wells Fargo was recorded with the Register of Deeds. . . ." Id. at 658-59. The court reached a similar conclusion in McLaughlin v. Chase Home Finance, LLC:

> Here, the Mortgage clearly declares MERS the mortgagee. Plaintiffs granted the Property and power of sale to MERS and its successors and assigns. The Mortgage also grants MERS the right to foreclose. MERS in turn executed an unambiguous document assigning its rights under the Mortgage to Chase. Thus, a record chain of title clearly exists, providing Chase the right to foreclose.

No. 11-11012, 2012 WL 995284, at *4 (Mar. 23, 2012) (internal citations to record omitted).

This case is identical to Collins and McLaughlin. MERS's recorded assignment of the mortgage to Wells Fargo established a record chain of title. Further, the note itself was endorsed to Wells Fargo. Plaintiffs' claim has no merit.

### D. Fraud

It is unclear what plaintiffs have alleged in count VII, due in part to the fact that the

majority of the allegations are copied verbatim from a complaint filed by the State of Delaware against MERS. See Verified Complaint, State of Delaware v. MERSCORP, Inc., 2011 WL 5128209 (Del. Ch. 2011) (No. 6987). Plaintiffs generally challenge the MERS business model as a whole. Plaintiffs claim that MERS and Wells Fargo worked together to misrepresent the true holder of plaintiffs' mortgage and effectuate a wrongful foreclosure. As best as can be seen from the complaint and plaintiffs' papers, they are challenging the assignment of the mortgage from MERS to Wells Fargo.

Plaintiffs fail to state with particularity any facts sufficient to make out a claim of fraud or misrepresentation. In order to meet the particularity requirements of Rule 9(b), a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008) (citation omitted). Plaintiffs' amended complaint patently fails to meet the particularity requirements of Rule 9(b). In the sixty-seven paragraphs of the complaint pertaining to the fraud count, plaintiffs fail to identify (1) the allegedly false statements, (2) the speaker, and (3) when, where, and under what circumstances the statements were made.

### E. Quiet Title

Plaintiffs' quiet title claim fails as a matter of law. As defendants correctly note, a foreclosure sale has not occurred. Therefore, plaintiffs' quiet title claim is not ripe for judicial review. Yaldo v. Deutsche Bank Nat'l Trust Co., No. 10-11185, 2010 WL 4940024, at *5 (E.D. Mich. Nov. 30, 2010) ("Because there are no competing claims to title, there is nothing to quiet.").

### F. Truth in Lending Act

Finally, plaintiffs claim that defendants were in violation of the Truth in Lending Act, 15 U.S.C. § 1601, et seq (TILA). "TILA requires that creditors make certain disclosures as to the terms of lending arrangements and provides for civil liability for failure to comply with its provisions." Coyer v. HSBC Mortg. Servs., Inc., No. 11-2378, 2012 WL 5503143 (6th Cir. Nov. 13, 2012) (citing 15 U.S.C. § 1640; United States v. Petroff-Kline, 557 F.3d 285, 294 (6th Cir. 2009)). At issue in this case is plaintiffs' claim that defendants failed to disclose, in writing, that the mortgage was transferred from MERS to Wells Fargo. Section 1641(g)(1) states, in pertinent part:

> In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer. . . ."

15 U.S.C. § 1641(g)(1).

TILA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). The statute of limitations begins to run " 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.' " Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009).

Here, the mortgage was assigned to Wells Fargo on February 10, 2010 and recorded on March 17, 2010. On September 24, 2010, plaintiffs signed an agreement with Wells Fargo and MERS when they were attempting to modify the loan. This agreement clearly stated that Wells Fargo was the lender. By this date, plaintiffs had a "complete and present cause of action" and could have filed suit to obtain relief. Plaintiffs did not file suit until June 27, 2012. The claim is time-barred.

Although the Sixth Circuit held that § 1640(e) is subject to equitable tolling in

9

appropriate circumstances, Borg v. Chase Manhattan Bank USA, N.A., 247 Fed. App'x 627, 635 (6th Cir. 2007), this is not an appropriate case for equitable tolling. Equitable tolling of the statute is appropriate when there has been "(1) wrongful concealment . . . by the defendants; (2) failure of the plaintiff[s] to discover the operative facts that are the basis of [their] cause of action within the limitations period; and (3) plaintiffs['] due diligence until discovery of the facts." Hamilton Cnty. Bd. Of Comm'rs v. NFL, 491 F.3d 310, 315 (6th Cir. 2007) (citation omitted); see also Ruth v. Unifund CCR Partners, 604 F.3d 908, 910 (6th Cir. 2010). Here, there is no evidence that MERS or Wells Fargo attempted to conceal the assignment of the mortgage. To the contrary, the assignment was recorded for all to see. Further, plaintiffs worked with Wells Fargo to modify the loan. Through their numerous dealings with Wells Fargo, plaintiffs were well aware that the mortgage was assigned. Thus, plaintiffs have not shown that defendants actively concealed their cause of action.

## V. CONCLUSION

For the reasons stated above, defendants' motion to dismiss is GRANTED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn<br>
AVERN COHN<br>
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 19, 2012, by electronic and/or ordinary mail.

S/Sakne Chami<br>
Case Manager, (313) 234-5160